# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

HERMAN SIPP   #78783                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:07cv970-LG-RHW

LAWRENCE KELLY                                                          RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

BEFORE THE COURT is the application of Herman Sipp for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 30, 2007. Respondents timely answered pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Herman Sipp was indicted March 28, 2003 in the Circuit Court of Jackson County, Mississippi, for the December 4, 2001, murder of Jimmy Neal Kelly, the paramour of Sipp's erstwhile "old lady." (R. Vol. 1, p 6.) A jury found Sipp guilty on August 26, 2004 and the court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections. (R. Vol. 1, pp. 88-89) Sipp appealed his conviction, asserting the following errors by the trial court:

(1) failing to grant a mistrial when the prosecution cross-examined Sipp about a prior statement made to police;

(2) failing to grant a directed verdict at the close of the State's case-in-chief and at the conclusion of the trial;

(3) allowing evidence of the statement Sipp gave when police continued questioning him after he had asked for an attorney and/or his mother;

(4) the verdict was against overwhelming weight of evidence;

(5) overruling Sipp's objection to the use of his prior statement to impeach his trial testimony without making a ruling on the record as to grounds for admissibility, and failing to give, *sua sponte*, a limiting instruction to the jury regarding the statement;

(6) overruling Sipp's objection that the Prosecutor argued facts not in evidence during closing argument, specifically as to the testimony of Gary Lewis, testimony which was critical to the Defendant's theory of the case;

(7) overruling Sipp's objection to the Court's decision to recess after six hours of deliberation, and allow the jury to resume deliberations the following day;

(8) refusing admission of Defendant's exhibits demonstrating the improbability of the shot having been fired from the location proffered by the State if the bullet entered the victim at a five degree downward angle and a fifteen degree left to right angle, as testified to by the State's expert, Dr. McGarry;

(9) failing to conduct individual voir dire of jury members regarding whether they had read a newspaper article published during the trial; and

(10) denial of effective assistance of counsel by trial counsel's:

    A. failure to object to State's cross examination of defendant regarding whether Sipp had made copy of Ann Loper's apartment keys when such information was not in evidence and State's witness Lewis testified Sipp had came to his home on December 4, 2001, to wait for Loper to let him in the apartment because he had no key;

    B. failure to argue in closing that Lewis testified Sipp had come to his house on December 4, 2001 to wait for Loper, while the State argued Sipp had a key made to Loper's apartment on December 3, 2001;

    C. failure to subpoena Queta McDavid to testify that two weeks before the killing she took Sipp to Kelly's house, that she broke the window at Kelly's house, that Sipp and Kelly did not argue at that time over Loper's being at Kelly's house.

The Mississippi Supreme Court affirmed Sipp's conviction and sentence on June 22, 2006. *Sipp v. State*, 936 So. 2d 326 (Miss. 2006), *reh'g denied*, August 31, 2006.

On June 11, 2007, Sipp filed application with the Mississippi Supreme Court for leave to proceed in the trial court on a motion for post-conviction collateral relief (Cause No. 2007-1625), raising the same issues which had been presented on direct appeal, and adding the following:

- (A) whether the trial court erred by allowing the state expert witness Dr. Paul McGarry's testimony to the jury without first conducting a hearing on preliminary questions outside the presence of the jury;

- (B) whether the trial court erred in denying circumstantial jury instructions D-7 and D-8;

- (C) Defense Counsel's failure to object to State's direct examination of Dr. McGarry, defense counsel had knowledge or knew or should have known that before an expert witness is allowed to testify in the presence of the jury, the trial court must first conduct a preliminary assessment outside the jury presence to make a determination that the witness is competent as an expert by knowledge, skill, experience, training, or education and whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue.

The Mississippi Supreme Court denied Sipp's application for leave to proceed with the post-conviction motion on July 18, 2007, holding Sipp had "failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)."

Sipp filed his petition for federal habeas relief July 30, 2007, presenting the following twelve grounds:

- (1) whether the trial court erred by allowing the state expert witness Dr. Paul McGarry (*sic*) testimony to the jury without first conducting a hearing on preliminary questions outside the presence of the jury as to whether the testimony's underlying reasoning or methodology is scientifically valid and properly can be applied to the facts at issue;

- (2) whether the trial court erred for the denial of circumstantial jury instruction (*sic*) D-7 and D-8;

- (3) whether the trial court erred in failing to grant mistrial when prosecution improperly commented upon statement which the prosecution had agreed to not

comment upon and where court had agreed to rule upon the statement at later time;

(4) whether the trial court erred in allowing statement made to police which statement came at a time after petitioner had requested an attorney and his mother and where police continued to solicit statement from accused;

(5) whether the verdict was against the overwhelming weight of the evidence;

(6) whether the trial court erred in overruling petitioner (*sic*) objection to the use of his prior statement to impeach his trial testimony without making a ruling on the record as to grounds for admissibility, and in failing to give a *sua sponte* limiting instruction to the jury on the limited use of such prior statement;

(7) whether the court erred in overruling the petitioner (*sic*) objection to the state's closing statement which argued facts not in evidence, specifically as to the testimony of State's witness, Gary Lewis, testimony which was critical to the petitioner (*sic*) theory of the case;

(8) whether the trial court erred in overruling the petitioner (*sic*) objection that allowing the jury to recess deliberations and then return the next day to begin further deliberations would be unfair to the petitioner as the jury had announced that they began with a 6 to 6 split and were deadlocked at 9 to 3 after over six hours of deliberation;

(9) whether the trial court erred in not conducting individual voir dire of the members of the jury on whether or not they had read or heard news accounts about the trial overnight when the petitioner pointed out a newspaper article that contained what Petitioner averred was inaccurate information that was directly adverse to the defense's theory of the case;

(10) whether the trial court erred in denying the petitioner (*sic*) motion to introduce into evidence defense exhibits for identification #3, 4, 5, & 6, exhibits which demonstrated the improbability of the shot having been fired from the location proffered by the State if the bullet entered the victim at a five degree downward angle and a fifteen degree left to right angle, as testified to by the State's expert, Dr. McGarry;

(11) whether the trial court erred in failing to sustain a motion for directed verdict at the close of State's case-in-chief and at conclusion of the trial;

(12) whether petitioner was denied effective assistance of counsel when trial counsel:

(A) failed to object to State's cross examination of petitioner by asserting petitioner had made copy of Laura (Ann) Loper's keys to apartment when he used Loper's car when such information was not in evidence and when

> Lewis testified that petitioner had came to his home on December 4, 2001, to wait for Loper to let him in the apartment because he had no key;

> (B) failed to include in closing arguments that Lewis stated Petitioner had come to his house on December 4, 2001 to wait for Loper while State had accused petitioner of having made a key to house on December 3, 2001;

> (C) failed to subpoena Queta McDavid to testify where McDavid had critical evidence which could have demonstrated that McDavid, and not petitioner, actually broke the window at the home of the victim two weeks before the shooting and that McDavid did actually carry petitioner to the home of the victim two weeks before the shooting and that petitioner and the deceased never argued or passed words because Ann Loper was at the deceased's home. Moreover, Queta could have testified that petitioner, in fact, know (*sic*) Loper was at the home of the deceased when Queta took petitioner to the home. Such testimony would have refuted and impeached the testimony of the (*sic*) Gary Lewis and Richard Dixon;

> (D) failed to object to State's direct examination of Dr. McGarry (*sic*) testimony, defense counsel had knowledge or knew or should have known that before an expert witness is allowed to testify in the presence of the jury, the trial court must first conduct a preliminary assessment outside the jury's presence to make a determination that the witness is competent as an expert by knowledge, skill, experience, training, or education and whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue.

Respondent points out that all the grounds presented have been reviewed and denied on the merits by the Mississippi Supreme Court either on direct appeal and/or on post-conviction review, and argues that this precludes federal habeas relief.

The statute governing these proceedings, 28 U.S.C. § 2254(d), provides that:

(d) an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision on a question of law or when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal legal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Unless this Court determines that the state court decision involved an unreasonable application of the law to the facts, it cannot grant Sipp's petition for habeas relief. Where "the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Middleton v. McNeil,* 541 U.S. 433, 436, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) *(per curiam)* (quoting *Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003) *(per curiam)*); see also *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold").

It is not the prerogative of this Court to "sit as a 'super' state supreme court on a habeas corpus proceeding to review error under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of a constitutionally protected right. Since a state's interpretation of its own laws or rules involves no constitutional question, it provides no basis for federal habeas relief. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981); see also, *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982) (a mere error of state law is not a violation of due process). Sipp's Grounds One and Ten involve the admission or exclusion of evidence at trial. State court decisions regarding evidentiary matters are issues of state law and warrant federal habeas review only if Sipp has

shown that they violated a constitutional right or resulted in a fundamentally unfair trail. *See Cupit v. Whitley*, 28 F. 3d 532, 536 (5th Cir. 1994). State court evidentiary decisions do not justify federal habeas relief "unless the evidence played a crucial, critical, and highly significant role in the jury's determination." *See Jackson v. Johnson*, 194 F. 3d 641, 656 (5th Cir. 1999).

**Ground One:** Sipp argues the trial court erred in permitting forensic pathologist Dr. Paul McGarry to testify as an expert without first conducting a *Daubert* hearing. On post-conviction review, the Mississippi Supreme Court found this claim to be without merit. Rulings of state courts on evidentiary matters "present cognizable habeas claims only if they run afoul of a specific constitutional right or render petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999); *see also*, *Castillo v. Johnson*, 141 F.3d 218, 224 (5th Cir. 1998) (the federal habeas Court's role in reviewing state court evidentiary rulings is "limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness under the Due Process Clause").

Testimony by experts in Mississippi state courts is governed by Miss.R.Ev. 702, which is identical to Fed.R.Ev. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993), the U.S. Supreme Court established a two-prong test to determine whether expert testimony merits admission into evidence at trial under Rule 702 of the Federal Rules of Evidence. The testimony must be based on scientific knowledge, and must assist the trier of fact in understanding or determining a fact in issue. *Id.* at 592. A hearing outside the presence of the jury may be helpful to determine whether scientific testimony fulfills these requirements, but it is not mandatory.

Dr. McGarry is a forensic pathologist with the Orleans Parish coroner's office in New Orleans, who has assisted in investigation of violent deaths at the request of Gulf Coast coroners.

He testified he graduated from Temple University School of Medicine, spent three years in military service, seven years in post graduate training in general medicine, surgery, pathology, forensic pathology and neuropathology. He was a professor of pathology at LSU School of Medicine for 25 years, is board certified in general pathology, forensic pathology and neuropathology, and has been with the Orleans Parish coroner's office for over 25 years. He has personally performed more than 12,000 autopsies, and supervised a like number, and has previously been recognized as an expert by the courts of Mississippi in the field of forensic pathology. (R. vol. 3, pp. 239-240) When he was tendered as an expert, Sipp's retained attorney had "no objection whatsoever," and the trial court accepted him as an expert in the field of forensic pathology. (R. vol. 3, p. 240) Dr. McGarry performed the autopsy on the victim, Neal Kelly, and testified as an expert in the field of forensic pathology regarding his findings. (R., Vol. 2, pp. 239-258)

Sipp expressly states he is not challenging Dr. McGarry's qualifications (Petition, p.9), but is only challenging the "improbability of the shot having been fired from the location proffered by the State of the bullet entered the victim at the angle offered by Dr. McGarry at the angle offered by Dr. McGarry and the trial court failure to follow trial court procedures." This ground cannot support habeas relief as Dr. McGarry did not testify as to the location from which the fatal shot was fired – in fact, he never went to the scene of the crime; and *Daubert* does not require a full hearing outside the presence of the jury of every expert prior to his testifying. Furthermore, Sipp has not asserted that admission of McGarry's testimony without a *Daubert* hearing resulted in a decision based on an unreasonable determination of the facts.

**Ground 10:** Sipp contends the trial court erred in denying admission of Sipp's exhibits showing parts of the crime scene with overlays depicting Sipp's proposed path of the bullet that

killed Kelly. (R., vol. 3, p. 250) Sipp attempted to introduce the exhibits through cross-examination of Dr. McGarry. However, Dr. McGarry disagreed with the contention that the exhibits demonstrated where the shot did or did not come from, because the exhibits were predicated on a static arrangement, with Kelly standing erect, without movement, turning, twisting, or bending which would "change the whole configuration." Dr. McGarry testified the exhibits were not a fair comparison, and that they did not show that the shot could not have come from any particular place. Sipp presented no expert of his own to sponsor the exhibits. The trial court sustained the State's objection to introduction of the exhibits, but allowed them to be marked for identification. On direct appeal, the Mississippi State Supreme Court found no error by the trial court with respect to exclusion of the exhibits. This Court finds nothing in the evidentiary ruling so extreme as to result in a denial of fundamental fairness. *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999); *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998). Sipp has not demonstrated that the trial court's exclusion of his exhibits pursuant to state evidentiary rules constitutes an error at all, much less one of constitutional dimension, nor has he shown that the exclusion of the exhibits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

Ground Two: Sipp argues the trial court erred by denying his circumstantial jury instructions, D-7[1] and D-8[2]. Sipp contends the case was based wholly on circumstantial evidence; that there was no evidence placing him directly at the crime scene or indicating that he

---

[1] "The Court instructs the Jury that the presumption of innocence attends the defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. The defendant is not required to prove his innocence." (R. vol. 1, p 84.)

[2] "The Court instructs the Jury that if there be any fact or circumstance in this case susceptible of two reasonable interpretations, one favorable and the other unfavorable to the accused, and when the Jury have considered such fact or circumstance in connection with all the other evidence, there is a reasonable doubt as to the correct interpretation, then you, the Jury, must resolve such doubt in favor of the accused, and place upon such fact or circumstance the interpretation most favorable to him." (R. vol. 1, p 85.)

actually committed the crime. The trial court refused the instructions. "The rule in Mississippi is that a circumstantial evidence instruction should be given only when the prosecution can produce neither eyewitnesses or a confession to the offense charged." *Stringfellow v. State*, 595 So. 2d 1320, 1322 (Miss. 1992), citing *McNeal v. State*, 551 So.2d 151, 157-59 (Miss.1989); *Hart v. State*, 503 So.2d 277 (Miss.1987); *Keys v. State*, 478 So.2d 266 (Miss.1985).

> A circumstantial evidence case is one where the State is "without a confession and wholly without eyewitnesses to the gravamen of the offense charged," *Kniep v. State,* 525 So.2d 385, 392 (Miss.1988). **But where the accused has made an admission on an element of the offense, it is no longer a circumstantial evidence case.** *Lynch v. State,* 877 So.2d 1254, 1256 (Miss.2004); *Conner v. State,* 632 So.2d 1239, 1256 (Miss.1993); *Mack v. State,* 481 So.2d 793, 795 (Miss.1985). **The defendant is not entitled to a circumstantial evidence instruction where both circumstantial and direct evidence are admitted at trial.** *Gilleylen v. State,* 255 So.2d 661, 663-64 (Miss.1971).

*Garrett v. State*, 921 So.2d 288, 291-92 (Miss. 2006) (emphasis added).

Gary Lewis testified Sipp came to his house sometime after midnight on the date of the crime, in a very agitated state, going from room to room looking out the windows, and stating he was looking for the police to come to the house.[3] Sipp told Lewis he had shot the deceased, that he had hidden in some bushes around the house and nobody could see him, and that he needed to go and get the gun before the police found it. An admission by the defendant to an important element of the offense charged is direct evidence. *Id.* Thus, Sipp was not entitled to a circumstantial evidence instruction in the first place. Even if that were not the case, an erroneous jury instruction constitutes sufficient ground for federal habeas review only if "the instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863, 867 (5th Cir. 1999) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "Before a federal court may overturn a conviction resulting from a state trial" on a

---

[3]Sipp lived across the street from Lewis.

challenge to the instructions given to the jury, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). "In examining habeas claims of improper jury instructions, the 'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'" *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir.2002) (quoting *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir.1986)). Denial of the instructions was proper, and there is no merit to this claim.

**Grounds Three, Four and Six:** Sipp argues the trial court should not have admitted into evidence Sipp's statement[4] to police that he cut his hand breaking Kelly's bathroom window two weeks before Kelly was killed; that the court erred in overruling his objection to the State's use of the statement to impeach his trial testimony, and that the trial court should have *sua sponte* given a limiting instruction regarding the statement.[5] There is no dispute that when he made the statement, Sipp had been advised of his rights and declined to sign a *Miranda* waiver, and had asked for his mother and a lawyer. In a pre-trial suppression hearing, Sipp argued the statement was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The state responded that it did not intend to introduce the statement in its case in chief, but reserved the right to use the statement to impeach Sipp if he testified contrary to it at trial. Defense counsel contended that since the statement was made after Sipp requested an attorney, it was involuntary, and could not be used in any manner. The trial judge deferred ruling on the motion to suppress at that time. (R. vol. 2, pp. 40-48)

---

[4]There is no contention that the statement was a confession to Kelly's murder.
[5]The Court notes that the substance of the statement was already a matter of record before this issue arose. Gary Lewis testified in the State's case in chief that Sipp came to his (Lewis's) house a couple of weeks before the shooting with his hand hurt and bleeding, and Sipp told Lewis he busted a window at the deceased's home. (R. vol 3, p. 215)

The State did not use Sipp's statement in its case in chief; no mention was made of it until Sipp testified during cross-examination by the prosecutor that he did not break Kelly's window, that Kelly's ex-girlfriend Queta broke it, and that he did not cut his hand. When the prosecutor asked Sipp why he told police he cut his hand at Kelly's house, defense counsel objected and the trial judge excused the jury from the courtroom. Following a hearing outside the jury's presence, the trial judge denied Sipp's objection and motion for mistrial, and allowed the prosecution to use the statement for impeachment purposes. Sipp does not allege that any force, coercion or threats were used to obtain this statement. (R. vol. 4, pp. 370-376) The U.S. Supreme Court has ruled, as the trial court judge in this case ruled, that voluntary statements obtained in violation of *Miranda* may properly be used for impeachment purposes. *See Harris v. New York*, 401 U.S. 222, 224-25 (1971); *see also Michigan v. Harvey*, 494 U.S. 344, 350 (1990); *Mincey v. Arizona*, 437 U.S. 385, 397-398 (1978). Sipp's video taped statement was not actually offered or admitted into evidence, it was merely marked for identification. (R. vol. 1, p. iv; R. vol. 4, p. 406) With respect to the contention that the trial court should have given a limiting instruction, the Mississippi Supreme Court, citing Mississippi law, recognized that since such an instruction "can actually focus the jury's attention on sensitive information, it is the responsibility of defense counsel to ask for the instruction." *Sipp v. State*, 936 So. 2d at 331. The record reflects no request by defense counsel for a limiting instruction, thus the trial court did not err in failing to give one. There is no merit in Grounds Three, Four and Six.

**Ground Five:** Sipp contends the jury's verdict was against the overwhelming weight of the evidence. A federal habeas court is not authorized to grant relief because it finds a state conviction is against the weight of the evidence. *See*, *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). The Mississippi appellate court fully reviewed this issue, applied the appropriate standard, and found the verdict in Sipp's case was not contrary to the weight of the evidence.

The state court's determination regarding the weight of the evidence should be entitled to the same deference afforded a state court's finding of the sufficiency of the evidence. *See Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985 ), *cert. denied* 474 U.S. 855 (1985). Sipp has presented nothing to establish that the state court decision was an unreasonable application of law to the facts.

**Ground Seven:** Sipp claims that during closing arguments, the prosecutor argued facts not in evidence, specifically with respect to the argument regarding the testimony of Gary Lewis as to what time Sipp came to Lewis's house the night Kelly was shot.[6] Lewis testified that Sipp had been at Lewis's house the afternoon before the shooting; that Sipp came over again later that evening, and that he came back again between twelve and one o'clock. When asked if he had told the police that Sipp came between one and one-thirty, Lewis said, "I know it was late, after midnight." (R. vol. 3, pp. 215-218) On cross-examination, Lewis testified that when he spoke with the police on December 5, 2001, "At that time, I remembered what time it was because it was fresh in my mind. ... It's almost been three years." And on redirect, after being shown the police report, Mr. Lewis testified Sipp last came to his house on December 4, 2001 between one and one-thirty A.M. (R. vol. 3, p. 232) The record belies Sipp's argument, there was no argument of facts not in evidence, and there is no merit to Ground Seven.

**Ground Eight:** Sipp argues the trial court erred in overruling the Petitioner's objection and allowing the jury to recess after six hours of deliberating, and to return and continue deliberations the following day. Because the jury foreperson reported that at the beginning the vote was six to six and after six hours it was nine to three, Sipp contends the judge was required to declare a hung jury. It has long been established that a trial judge enjoys a wide discretion in determining when to declare a hung jury. *Lowenfield v. Phelps*, 817 F.2d 285, 293 (5th Cir.

---

[6]Other record evidence fixes the time of the shooting at around 1:00 A.M.

1987). "To amount to a constitutional deprivation, the trial judge's action must constitute coercion that denies the accused a fundamentally fair trial." *Id.* Sipp has presented nothing to show there was any coercion by the trial judge or that the trial judge acted outside his discretion by allowing the jury to recess and continue deliberations the following morning. The trial judge inquired about the progress of deliberations and ascertained from the jury foreman, as well as gestures of agreement by other members of the jury, that the jury could reach a verdict if permitted to continue deliberations. (R. Vol. 5, pp. 463-64.) The undersigned finds no merit in Ground Eight.

**Ground Nine:** Sipp contends the trial court erred by not conducting individual voir dire of the jurors concerning whether or not they had read or heard news accounts of the trial while jury deliberations were suspended overnight. The record shows the trial judge questioned the jurors collectively and received no indication that they had failed to follow his instruction to avoid newspapers, television, *etc*. (R. vol. 5, p. 271) The Mississippi Supreme Court reviewed this issue on direct appeal and found Sipp's argument "completely without merit." *Sipp v. State*, 936 So. 2d at 332-333. There is no evidence that any juror was subjected to improper influence; there was no objection to the trial court's collective questioning of the jurors on the point, and Sipp has presented no legal authority requiring individual voir dire in such circumstances. There is no merit to Ground Nine.

**Ground Eleven:** Sipp challenges the sufficiency of the evidence, contending the State failed to prove the necessary elements for a murder conviction in Mississippi, thus the trial court should have sustained his motion for a directed verdict. In its opinion on Sipp's direct appeal, the Mississippi Supreme Court carefully reviewed the evidence supporting the verdict and held:

> In the present case, two witnesses testified that Sipp confessed to shooting Kelly. Sipp's alibi could not be confirmed by any of the people he alleged he had been with before, during, or after the time of Kelly's shooting, and circumstantial

> evidence concerning the weapon used to kill Kelly also pointed to Sipp as the shooter. After viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Sipp v. State*, 936 So.2d at 333. In *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), the Fifth Circuit stated:

> In reviewing a claim of insufficiency, we examine all the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the issue in controversy to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 317, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference. *Parker v. Procunier,* 763 F.2d 665, 666 (5th Cir.), *cert. denied,* 474 U.S. 855, 106 S.Ct. 159, 88 L.Ed.2d 132 (1985).

Applying this standard of review to Sipp's Ground Eleven, the undersigned finds from the record evidence that a rational trier of fact could find beyond a reasonable doubt that Sipp borrowed a rifle from his brother shortly before the killing, hid in the dark near Kelly's house where he could not be seen, shot Kelly with the intent to kill him, told Ann Loper she would be next, and admitted the shooting within minutes to Gary Lewis and later to his jail cellmate. Ground Eleven therefore provides no basis for habeas relief.

**Ground Twelve:** Sipp asserts his retained counsel was ineffective in four particulars during the trial. The first two instances of which Sipp complains involve counsel's failure to object to the prosecution's question to Sipp on cross-examination as to whether Sipp had made a copy of Ann Loper's apartment keys – Sipp answered the question in the negative (R. vol. 4, p. 368), and counsel's failure to point out during closing argument that Gary Lewis testified that when Sipp came to his house the evening before the shooting, Sipp was "looking for Ann to try to get the keys so he could get in" – testimony that contradicted the prosecution's assertion regarding Sipp's having a key. (R. vol. 3, p. 216). Sipp has presented nothing to show how having a key to Loper's apartment is relevant to whether he shot Neal Kelly. The killing did not

happen at Loper's apartment, it happened at Kelly's house. Sipp has failed to show that an objection to this single question out of 38 pages of cross-examination would somehow have altered the result of his trial. The same is true of defense counsel's electing to focus his closing argument on the evidence relevant to the murder charge rather than pointing out discrepancies in irrelevant testimony. The third instance of ineffective assistance urged by Sipp is that his attorney failed to subpoena Queta McDavid, Kelly's ex-girlfriend who, Sipp claims, broke Kelly's window two weeks before the murder. These three claims of ineffective assistance were urged on direct appeal and found to be without merit by the Mississippi Supreme Court. The state court found Sipp had satisfied neither element of the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), as he did not demonstrate constitutionally deficient performance by his attorney, and failed to show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.*, 466 U.S. at 694. Failure to establish both prongs of the test warrants rejection of Sipp's claim. *Moawad v. Anderson*, 143 F.3d 942 (5th Cir. 1998). Sipp failed to overcome the strong presumption that counsel acted reasonably under the circumstances and with a sound trial strategy. *Strickland*, 466 U.S. at 689.

As to the first three instances of asserted ineffective assistance, the undersigned finds the state court correctly identified and applied established federal law (*Strickland*) on ineffective assistance of counsel, and reasonably determined the facts in light of the evidence presented. Sipp's fourth claim is that counsel was deficient in failing to object to Dr. McGarry's testifying without a preliminary hearing outside the presence of the jury to determine Dr. McGarry's competency as an expert. Since the Court has held there was no error in allowing the testimony without such a preliminary hearing, the Court finds counsel cannot be deemed ineffective for failing to object to the procedure. See discussion under **Ground One**, above.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a petitioner for relief under Title 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

## RECOMMENDATION

Having considered the Petition, Respondent's answer, the record, and the relevant legal authority, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED, and this matter, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective December 1, 2009), within fourteen (14) days after being served a copy of this Report and Recommendation, any party who objects to the Report and Recommendation must file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve said objections upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intend to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objects to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion

accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 27th day of April, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE