# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HERMAN SIPP #78783** | § | **PETITIONER** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV970 LG-RHW** |
| | § | |
| **LAWRENCE KELLY** | § | **RESPONDENT** |

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND DISMISSING PETITION

This cause comes before the Court on the Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause on April 27, 2010. Magistrate Judge Walker reviewed the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the Respondents' response and the state court record. Magistrate Judge Walker determined that the Petition should be denied because Petitioner had not shown that the adjudication of his claims in state court resulted in a decision that was clearly contrary to, or an unreasonable application of, clearly established Federal law. Petitioner filed an objection, which the Court now reviews.

### PROCEDURAL HISTORY

Petitioner was found guilty of murder in 2004 and sentenced to life in prison. He appealed, and the Mississippi Supreme Court affirmed his conviction and sentence. He then filed an application for post-conviction collateral relief. The petition was denied by the Mississippi Supreme Court for Sipp's failure to make a substantial showing of the denial of a state or federal right. This federal petition for habeas relief followed.

The Magistrate Judge found that all of the grounds presented in this federal habeas petition have been reviewed and denied on the merits by the Mississippi Supreme Court either on direct appeal and/or on post-conviction review. Thus, he reviewed the Petition for any decision

by the state courts involving an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d). After a thorough examination of the record and an exhaustive discussion of the issues, the Magistrate Judge found no grounds for federal habeas relief. The Petitioner has objected to these findings.

THE STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

DISCUSSION

In his objection, Petitioner states that "he will not rehash his claims but would like to call attention to all errors in the record. . . . The Petitioner objects to the Report and Recommendations and asserts that the United States Magistrate Judge has overlooked or misapprehended all the constitutional errors on the following grounds:" Ct. R. 16. What follows is a list of the same trial court errors that have been reviewed by the Mississippi Supreme Court

and the Magistrate Judge.

Objections such as the one presented by the Petitioner are general objections, and the effect of a general objection is the same as a failure to object. *Battle*, 834 F.2d at 421; *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mi. 2004); *Betancourt v. Ace Ins. Co.*, 313 F. Supp. 2d 32, 34-35 (D.P.R. 2004) (objections presented "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."). In these circumstances, the Court need only review the relevant portion of the Proposed Findings of Fact and Recommendation to determine whether the analysis or conclusions are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the Proposed Findings of Fact and Recommendation, the Court finds the Magistrate Judge's analysis and conclusions to be correct under existing Supreme Court precedent.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [13] of United States Magistrate Judge Robert H. Walker entered in this cause on April 27, 2010, should be, and the same hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE